KLEIN INSTITUTE FOR APTITUDE TESTING, INC., Plaintiff, *v.* KRASS KESTIN, Defendant.

Supreme Court, Special Term, New York County, April 12, 1962.

*De Witt, Nast & Diskin* (*William E. Flannery* and *Robert O. Donnelly* of counsel), for plaintiff. *Sidney Schreiberg* for defendant.

MATTHEW M. LEVY, J. The plaintiff moves for a temporary injunction, restraining the defendant, a former employee, from engaging in the business of aptitude testing in competition with the plaintiff for the remaining period of a restrictive covenant (to July 16, 1962) and from persuading persons known by him to be clients of the plaintiff to discontinue their relations with the plaintiff.

The defendant was three times hired by the plaintiff, the total period of service being for a number of years. The last hiring was by contract dated March 1, 1957, and the employment ended October 16, 1961. That contract was to endure for a period of 13 months "and so long thereafter as shall be mutually agreeable, and be subject to termination at any time after March 31, 1958, by either party [giving] not less than three (3) months' written notice of intention so to do." The service to be rendered by the defendant was that of a psychologist and analyst, and the agreed salary was $12,000 per year. The contract further provides: "Mr. Kestin [the defendant] hereby agrees further that should his employment cease with the Company [the plaintiff], then and in that event he shall not enter into any agreement or contract of hire with any competitive corporation or individual in the field of aptitude testing in this state or any other state of the United States for a period of nine months after the termination of this contract of employment, and in no event will he contact or work for any one of the clients of the Company."

The basic claim — that the plaintiff's system of aptitude testing is unique — is sharply disputed, as well as the alleged existence of secrets or confidential information vouchsafed to the defendant during his period of service as an employee and officer of the plaintiff. These considerations affect the necessity and reasonableness of one of the provisions of the restrictive covenant and the scope thereof, and therefore injunctive relief before trial would seem inappropriate (*Kaumagraph Co.* v. *Stampagraph Co.*, 235 N. Y. 1). And the defendant urges that the plaintiff's clients are not obtained from private lists of customers, but are all available in catalogues and registers and

other public records. That, too, would narrow the area of a proper injunctive decree (*Boosing* v. *Dorman,* 148 App. Div. 824, affd. 210 N. Y. 529).

But the defendant frankly admits that, in his present employment with a competitor of the plaintiff, he is soliciting present clients of the plaintiff. This, in express terms, is violative of the last clause of the covenant, which, at least in this respect, is valid and reasonable (*Bates Chevrolet Corp.* v. *Haven Chevrolet,* 13 A D 2d 27). The prospective damage being irreparable, the pretrial injunction should be granted (*Meers* v. *Munsch-Protzmann Co.,* 217 App. Div. 541).

I do not now decide whether this restriction too is applicable, in view of the language of the contract, to the nine-month period only. I do hold that, in the circumstances of the present submission, the plaintiff should, during this period in any event, be protected from what the defendant himself has characterized as " stealing clients of the plaintiff away from the plaintiff and capturing them for [his] present employer." The denial of injunctive relief *pendente lite* in the case at bar would, by the very passage of time and the condition of the court calendar — without more — deprive the plaintiff of the opportunity of presenting its case for judicial consideration on the merits, were this provision of the covenant to be held upon the trial to be limited as to time in this respect.

Accordingly, the motion is granted to the extent of restraining the defendant from contacting or working for any person who, or firm or corporation which, was a client of the plaintiff on or after March 1, 1957 (the date of the defendant's contractual employment) and was also such client at any time between August 28, 1961 (the date of the defendant's resignation) and October 16, 1961 (the date of the defendant's cessation of employment with the plaintiff). Settle order, at which time suggestions as to the amount of bond will be received. The order should also provide for an early trial, waiver of filing of certificate of readiness, and, if at such time issue has not been joined, that the allegations of the complaint will be deemed denied.